UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. WIMBERLY, CDCR #BV-1136,<br><br>                     Plaintiff,<br><br>vs.<br><br>J. BONILLA, et al.,<br><br>                     Defendants. | Case No.: 25-cv-03293-AJB-JLB<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a),**<br><br>**and**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT** |

      Plaintiff Ronald A. Wimberly is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983, accompanied by a Motion to appoint counsel. (Doc. Nos. 1–2.) Plaintiff has not paid the civil filing fee nor filed a motion to proceed *in forma pauperis* ("IFP").

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Motion to Appoint Counsel

Plaintiff seeks appointment of counsel because he cannot afford an attorney, his incarceration will limit his ability to prosecute this case, and the issues are complex. (Doc. No. 2.) Plaintiff's Motion is **DENIED** as moot without prejudice to Plaintiff resubmitting the motion after he has either paid the filing fee or been granted leave to proceed IFP.

## III. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a);

(2) **DENIES** as moot Plaintiff's Motion to Appoint Counsel (Doc. No. 2), and

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b). The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: December 11, 2025

Hon. Anthony J. Battaglia
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.")